# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>THOMAS ECKHOLT,<br><br>        Defendant. | No. 12-CR-3037-LRR<br><br>**ORDER** |

_____

## I.  INTRODUCTION

The matter before the court is Defendant Thomas Eckholt's Objections (docket no. 32) to United States Magistrate Judge Jon S. Scoles's Report and Recommendation (docket no. 25), which recommends that the court deny Defendant's "Motion to Suppress" ("Motion") (docket no. 17).

## II.  RELEVANT PROCEDURAL HISTORY

On August 30, 2012, a grand jury returned a one-count Indictment (docket no. 1) against Defendant.  The Indictment charges Defendant with knowingly and intentionally possessing with the intent to distribute methamphetamine after having previously been convicted of a felony drug crime.  Such offense is a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 851.

On October 5, 2012, Defendant filed the Motion.  On October 12, 2012, the government filed a Resistance (docket no. 20).  On October 17, 2012, Judge Scoles held a hearing on the Motion.  *See* Minute Entry (docket no. 21).  Defendant appeared in court with his attorney, Jill M. Johnston.  Assistant United States Attorney John H. Lammers represented the government.  On October 24, 2012, Judge Scoles issued the Report and Recommendation, which recommends that the court deny the Motion.  On November 6, 2012, Defendant filed his Objections.  The matter is fully submitted and ready for decision.

### III.  STANDARD OF REVIEW

When a party files a timely objection to a magistrate judge's report and recommendation, a "judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge must consider de novo any objection to the magistrate judge's recommendation."); *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (noting that a district judge must "undertake[] a de novo review of the disputed portions of a magistrate judge's report and recommendations").  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Crim. P. 59(b)(3) ("The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions.").  It is reversible error for a district court to fail to engage in a de novo review of a magistrate judge's report when such review is required.  *Lothridge*, 324 F.3d at 600.  Accordingly, the court reviews the disputed portions of the Report and Recommendation de novo.

### IV.  ANALYSIS

Defendant objects to two of Judge Scoles's conclusions of law.  First, "Defendant objects to the conclusion in Section V, subsection A of the Report and Recommendation that the search of Defendant's vehicle was authorized by the automobile exception to the Fourth Amendment."  Objections at 1.  Second, "Defendant . . . objects to the conclusion in Section V, subsection B of the Report and Recommendation that the search of Defendant's vehicle was a lawful inventory search pursuant to a lawful impound."  *Id.* at 3.  After a de novo review of the record, the court finds that Judge Scoles correctly concluded that the search was justified under the automobile exception and, therefore, the court shall overrule Defendant's Objections and adopt Section V, subsection A of the Report and Recommendation.

### A. *Automobile Exception*

First, Defendant contends that Lieutenant Matt Klunder did not have probable cause to believe that Defendant's vehicle contained contraband and, thus, the search was not justified under the automobile exception. In the Report and Recommendation, Judge Scoles held that probable cause existed based on Lt. "Klunder's discovery of drug paraphernalia, coupled with his knowledge of Defendant's prior drug conviction and apparent ongoing drug activity." Report and Recommendation at 4-5. Defendant does not contest that each of these facts are true but, rather, "asserts [that they] do not add up to probable cause to search his vehicle." Objections at 1. Furthermore, Defendant argues that each of the cases Judge Scoles relies on in the Report and Recommendation is distinguishable from the facts of this case.

"[T]he so-called 'automobile exception' permits police to conduct a warrantless search of an automobile if, at the time of the search, they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *United States v. Farnell*, 701 F.3d 256, 264 (8th Cir. 2012) (quoting *United States v. Kennedy*, 427 F.3d 1136, 1140-41 (8th Cir. 2005)) (internal quotation marks omitted). "Probable cause exists where there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Claude X*, 648 F.3d 599, 602 (8th Cir. 2011) (quoting *United States v. Donnelly*, 475 F.3d 946, 954 (8th Cir. 2007)) (internal quotation marks omitted). "Probable cause is not a rigidly defined concept, for it depends on the totality of the circumstances and the specific facts in a given situation." *United States v. Bach*, 400 F.3d 622, 628 (8th Cir. 2005).

The Eighth Circuit Court of Appeals has routinely found that the discovery of drug paraphernalia "'in or around a suspect's house is significant on the issue of probable cause.'" *United States v. McManaman*, 673 F.3d 841, 847 (8th Cir.) (quoting *United States v. Hernandez Leon*, 379 F.3d 1024, 1028 (8th Cir. 2004)), *cert. denied*, ___ S. Ct. ___, 2012 WL 2931232 (2012); *see also United States v. Seidel*, 677 F.3d 334, 338 (8th

Cir. 2012) (per curiam) (listing cases). The Eighth Circuit has also found that the discovery of drug paraphernalia is significant in the automobile context. *See United States v. Rowland*, 341 F.3d 774, 785 (8th Cir. 2003). For example, in *Rowland*, law enforcement officers conducted a *Terry* search of a vehicle. *Id.* at 784. During the *Terry* search, the officers discovered "a syringe in the glove compartment," as well as "rolling papers and razor blades elsewhere in the passenger compartment." *Id.* The Eighth Circuit held that the discovery of these items "was sufficient to create probable cause to search the entire vehicle" pursuant to the automobile exception. *Id.* at 785.

In this case, after conducting a de novo review, the court agrees with Judge Scoles that Lt. Klunder had probable cause to believe that there was contraband in Defendant's vehicle. Lt. Klunder knew that Defendant had been arrested in 2006 for a drug felony offense. *See United States v. Smith*, 581 F.3d 692, 694 (8th Cir. 2009) (considering the defendant's prior drug conviction in probable cause analysis). Moreover, Lt. Klunder was involved in an investigation of Defendant's apparent ongoing drug distribution activities. On July 26, 2012, Lt. Klunder saw Defendant's vehicle and, knowing that Defendant had a warrant for his arrest for violation of a no-contact order, Lt. Klunder pursued Defendant's vehicle. Lt. Klunder observed Defendant exit the vehicle and, shortly thereafter when Lt. Klunder searched Defendant's person incident to his arrest, Lt. Klunder discovered a marijuana pipe on Defendant's person. Based on these facts, the court agrees with Judge Scoles that Lt. Klunder had probable cause to believe that there was marijuana in Defendant's vehicle.

Defendant argues that the cases Judge Scoles relies on—*McManaman*, 673 F.3d 841, *United States v. Reinholz*, 245 F.3d 765 (8th Cir. 2001), and *United States v. Gonzalez-Rodriguez*, 239 F.3d 948 (8th Cir. 2001)—are factually distinguishable from the instant case. The court agrees that none of the cases Judge Scoles relies on are identical to this case; nevertheless, the principle the Eighth Circuit enunciated in those cases—namely, the significance of the discovery of drug paraphernalia to the probable cause analysis—is

4

applicable to this case. *Cf. United States v. Button*, 653 F.2d 319, 327 (8th Cir. 1981) ("Because of the kaleidoscopic myriad that goes into the probable cause mix[,] seldom does a decision in one case handily dispose of the next." (quoting *United States v. Davis*, 458 F.2d 819, 821 (D.C. Cir. 1972)) (internal quotation marks omitted)). Thus, in light of the foregoing, the court finds that the search was permissible under the automobile exception to the warrant requirement. Accordingly, the court shall adopt Section V, subsection A of the Report and Recommendation and overrule Defendant's Objections.

### B. *Inventory Search*

Next, Defendant objects to Judge Scoles's conclusion that "the search of Defendant's vehicle was a lawful inventory search pursuant to a lawful impound." Objections at 3. Specifically, Defendant argues that Lt. Klunder was not authorized to impound the vehicle under the circumstances and, thus, the "subsequent inventory of the vehicle was in violation of the Fourth Amendment." *Id.* at 4. In light of the court's conclusion that the search was permissible under the automobile exception, the court declines to address this issue.[1]

---

[1] In the Report and Recommendation, Judge Scoles finds that Lt. Klunder's decision to impound Defendant's vehicle was permissible pursuant to the Cerro Gordo County Sheriff's Office's impoundment policy, which provides that officers may "impound any vehicle. . . which is suspected to have been used in the commission of a public offense." Impoundment Policy, Defendant's Exhibit A (docket no. 17-2) at 2. Judge Scoles and the parties interpret this language to mean that an officer must have a "reasonable suspicion" that the vehicle was used in the commission of an offense. Report and Recommendation at 8; *see also* Objections at 3 (agreeing that a "reasonableness standard" applies).

The court notes that inventory searches are permissible under the Fourth Amendment because officers "are not investigating a crime; instead, they are 'performing an administrative or care-taking function.'" *Rowland*, 341 F.3d at 779 (quoting *United States v. Marshall*, 986 F.2d 1171, 1174 (8th Cir. 1993)); *see also South Dakota v. Opperman*, 428 U.S. 364, 369-70 & n.5 (1976) (describing impounds as part of law enforcement's care-taking function and emphasizing "the noncriminal context of inventory searches"). Given the justification for inventory searches, the court is hesitant to find that an officer may impound a vehicle, and then inventory it, on the basis that the officer has a reasonable suspicion that the vehicle was used in the commission of a public offense. *Cf. United States v. Petty*, 367 F.3d 1009, 1012 (8th Cir. 2004) ("[P]olice may exercise

(continued…)

### V.  CONCLUSION

In light of the foregoing, the court **ORDERS**:

(1)  The Objections (docket no. 32) are **OVERRULED**;

(2)  The Report and Recommendation (docket no. 25) is **ADOPTED IN PART**; and

(3)  The Motion (docket no. 17) is **DENIED**.

**DATED** this 2nd of January, 2013.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1](…continued)
discretion to impound a vehicle, 'so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity.'" (quoting *Colorado v. Bertine*, 479 U.S. 367, 375 (1987))).  The court, however, need not address this issue in light of its finding that the automobile exception applies.